13793

ROGERS v. AETNA LIFE INS. CO.

(173 S. E., 306)

Before FOSTER, J., County Court, Spartanburg, March, 1932.

*Messrs. Carlisle, Brown & Carlisle,* for appellant,

*Messrs. Nicholls, Wyche & Russell*, for respondent, 

March 3, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

The County Court of Spartanburg County, presided over by Hon. M. C. Foster, as County Judge, was the tribunal in which this cause was heard on November 28, 1932.

The plaintiff claimed total disability under his policy of insurance issued to him in September, 1929. The jury rendered its verdict in favor of the plaintiff, judgment was duly entered thereon, and this appeal taken therefrom.

The appellant presents two grounds for reversal of the judgment; the first being alleged error on the part of the presiding Judge in refusing to direct a verdict for the defendant upon the ground that the disability of the plaintiff was in existence when the policy was issued, and, second, alleged error in refusing to charge the jury as requested. The two grounds will be considered in order.

The proof shows that the plaintiff was employed at the Pacific Mills, Lyman, S. C., when the policy was issued and that he worked regularly. He continued to work at Lyman until December 14, 1931, more than two years after the policy was issued, at which time he was taken to a hospital suffering with pulmonary tuberculosis, and that he has not been able to work since. This testimony certainly presented a question for the jury to decide as to whether the

disability occurred subsequent to the issuance of the policy, there being no question raised as to the validity of the policy during that period.

Upon another ground, also, the motion should have been denied. The defendant, having issued the policy and accepted the premiums based upon the good health of the insured, is estopped from now saying that the insured was disabled at the time the policy was issued; there being no allegation or proof of fraud. As sustaining this contention the attorneys for the respondent cite the following authorities which appear conclusive of the question: 21 C. J., 1111; *Barton Savings Bank & Trust Co. v. Bickford*, 97 Vt., 166, 122 A., 582; *Stevens v. U. S.* (C. C. A.), 29 F. (2d), 904; *Scheper v. Scheper*, 125 S. C., 89, 118 S. E., 178.

At the conclusion of his charge the presiding Judge was requested orally to charge the jury, in effect, that the defendant would not be liable unless the disability arose while the plaintiff was insured under the policy. After some remarks were made by the Court and by counsel, the Judge said: "No, it is refused."

No reason is assigned as to why the request was refused. It may have been that it was not presented as required by Rule 11 of the Circuit Court, or it may have been that the presiding Judge considered the proposition was covered by his general charge. In his charge the presiding Judge said to the jury that the plaintiff was claiming the benefits under the policy which arose while the policy was in force; he further charged that the plaintiff must prove the material allegations of his complaint by the preponderance of the evidence. It is our opinion that the oral request of the defendant may have been properly refused on either ground.

The judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.